POSTED ON WEBSITE

**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| In re<br><br>Tom S. Gonzales and<br>Mona A. Gonzales,<br><br>        Debtors. | Case No. 06-11199-B-7 |
| Frieda Zimmerman,<br><br>        Plaintiff,<br><br>v.<br><br>Tom S. Gonzales and<br>Mona A. Gonzales,<br><br>        Defendants. | Adv. Proc. No. 07-1031 |

**MEMORANDUM DECISION REGARDING MOTION
FOR ENTRY OF DEFAULT JUDGMENT**

This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of res judicata and claim preclusion.

    Before the court is a motion by plaintiff Frieda Zimmerman ("Plaintiff" or "Ms. Zimmerman") for entry of a judgment by default (the "Motion") against the debtors Tom Gonzales and Mona Gonzales (collectively, the "Debtors"). The matter was taken under submission after an evidentiary hearing. The court also considered the Debtors' bankruptcy schedules, certain well-pled factual allegations of Plaintiff's

pleadings, and excerpts from Mona Gonzales' deposition testimony submitted to the court as an exhibit to plaintiff's Declaration in Support of Entry of Default Judgement. Plaintiff contends that her claim against the Debtors should be excepted from discharge pursuant to 11 U.S.C. subsections 523(a)(2)(A) & (a)(4).[1] For the reasons cited below, judgement will be entered against Mona Gonzales. The complaint will be dismissed against Tom Gonzales.

This Memorandum contains findings of fact and conclusions of law required by Federal Rule of Civil Procedure 52 (made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7052). The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 523. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

**Background and Findings of Fact.**

Ms. Zimmerman is currently 80 years-old and disabled. The acts which give rise to this adversary proceeding occurred when she was 76 years-old. Ms. Zimmerman met the Debtors about six years ago, about the time Ms. Zimmerman and her husband moved to a new house. Mr. Zimmerman died in 2004. Thereafter, the Debtors, primarily Mona Gonzales, became actively involved in various aspects of Ms. Zimmerman's life. The Debtors helped Ms. Zimmerman do various household chores. Mona Gonzales took her on errands, including to the grocery store and the bank. Eventually, Mona Gonzales helped Ms. Zimmerman organize and get her bills paid, even helping to write checks for her signature.

At some time before Mr. Zimmerman died, he and Ms. Zimmerman operated a trucking business known as JTS Trucking. After Mr. Zimmerman's death, Ms. Zimmerman and Mona Gonzales discussed Ms. Zimmerman's desire to get the

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated *after* October 17, 2005, the effective date of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, Apr. 20, 2005, 119 Stat. 23.

Case 07-01031    Filed 11/19/08    Doc 35

necessary permits and insurance policies and to restart the trucking business. On December 21, 2004, Ms. Zimmerman signed a document prepared by Mona Gonzales purporting to be a "Power of Attorney" (Plaintiff's Exhibit "2," hereinafter the "December 21, 2004 Document").[2] On December 31, 2004, Ms. Zimmerman signed a check payable to Mona Gonzales in the amount of $40,000 (Plaintiff's Exhibit "1"). Ms. Zimmerman testified that the money was to be used in connection with the revitalized trucking business. However, the check was deposited the same day at Union Bank into an account under the name "Raymond Floor Covering." The court takes judicial notice of schedules filed in the Debtors' bankruptcy case and signed under penalty of perjury. Debtors' Schedule of Financial Affairs, number 18(a), shows that Debtors operated a business known as "Raymond Floor Covering" in 2004. There was no evidence that any money given to Mona Gonzales was ever used with regard to JTS Trucking.

The Debtors filed a chapter 13 petition on August 9, 2006. This case was converted to a chapter 7 proceeding on November 7, 2006. In their bankruptcy schedules, Debtors listed a "disputed" debt to Ms. Zimmerman in the amount of $40,000. Ms. Zimmerman commenced this adversary proceeding to determine the dischargeability of a debt in the amount of $60,000, plus the value of some unspecified artwork stated to be $25,000 (the "Complaint"). The Complaint alleges three claims for relief arising under § 523(a)(2)(A) ("actual fraud"), § 523(a)(4) embezzlement and larceny, and § 523(a)(4) (fraud or defalcation while acting as fiduciary). In summary, the Complaint alleges (1) that Plaintiff was fraudulently induced by the Debtors to transfer the money and artwork to the Debtors, (2) that the Debtors either still have the artwork or have sold it to third persons, and (3) that

---

[2] The December 21, 2004 Document states: "I FREIDA A. ZIMMERMAN GIVE PERMISSION FOR TOM OR MONA GONZALES TO SPEAK ON BEHALF OF MY PERSONAL AND BUSINESS INTERESTS." The document was signed by Ms. Zimmerman.

3

Debtors misappropriated the money and artwork in violation of their fiduciary duty to Ms. Zimmerman.

Debtors filed a timely answer. However, the Debtors repeatedly failed to appear at pre-trial hearings and failed to comply with the court's pre-trial orders. Ultimately, their answer was stricken as a sanction. The court ordered entry of the Debtors' default on February 11, 2008, and directed Ms. Zimmerman to file the motion for entry of a default judgment. After consideration of the evidence submitted in support of the Motion, the court issued an order setting the matter for an evidentiary hearing. The Debtors did not appear at the evidentiary hearing.

**The Issue.**

The issue presented here is whether the evidence produced in support of the default judgment supports a claim against either Debtor under subsections 523(a)(2)(A) or (a)(4).

**Analysis and Conclusions of Law.**

**A. Law of Default Judgments**

Default judgments are governed by Federal Rule of Civil Procedure 55, which is made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7055. In order to obtain a default judgment establishing the nondischargeability of a debt, a two-step process is required: (1) entry of the party's default, and (2) entry of a default judgment. Fed.R.Civ.P. 55(a) and (b); *Brooks v. United States*, 29 F.Supp.2d 613, 618 (N.D.Cal.1998), *aff'd mem.*, 162 F.3d 1167 (9th Cir.1998).

The bankruptcy court is given broad discretion to enter a default judgment in an adversary proceeding, however, the plaintiff is not entitled to such judgment as a matter of right. *In re McGee*, 359 B.R. 764, 771 (9th Cir. BAP 2006), citing *Kubick v. FDIC (In re Kubick)*, 171 B.R. 658, 659-60 (9th Cir. BAP 1994); *Quarré v. Saylor (In re Saylor)*, 178 B.R. 209, 212 (9th Cir. BAP 1995). The relevant factors employed by the court in *McGee* include (1) the possibility of prejudice to the

plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *In re McGee, 359* B.R. 764 at 771, citing *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir.1986); 10A Fed. Prac. & Proc. Civ. 3D, § 2685 (factors include whether there are material issues of fact and whether the grounds for default have been clearly established).

In disputes involving material issues of fact, "default judgments are disfavored, because a defendant who defaults may thereby be deemed to have admitted the facts cited in the complaint." *Id.*, citing *Eitel v. McCool*, 782 F.2d 1470-72; *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F.Supp.2d 1353, 1357 (S.D.Ga.2004); 10A Fed. Prac. & Proc. Civ. 3D, § 2681; § 2688. The court is merely permitted, and is not required, to draw inferences in a default judgment context. "In order to do justice, a trial court has broad discretion to require that a plaintiff *prove up* even a purported *prima facie* case by requiring the plaintiff to establish the facts necessary to determine whether a valid claim exists that would support relief against the defaulting party." *Id.* at 773 (emphasis added), citing *Wells Fargo Bank v. Beltran (In re Beltran)*, 182 B.R. 820, 823 (entry of default does not automatically entitle a plaintiff to a default judgment, regardless of the general effect of the entry of a default to deem well-founded allegations as admitted); *Saylor*, 178 B.R. at 212 (trial court directed the plaintiff to submit evidence of a *prima facie* case in support of a default judgment).

**B. Elements of Plaintiff's Claims for Relief**

    **1.**    **§ 523(a)(4): Fraud or Defalcation While Acting as a Fiduciary**

In order to establish a claim for relief for fraud or defalcation while acting as a fiduciary under § 523(a)(4), the Plaintiff must show the existence of a fiduciary relationship and that the debt is attributable to wrongful conduct in connection with

5

that relationship. "A debt is nondischargeable under 11 U.S.C. § 523(a)(4) where '1) an express trust existed, 2) the debt was caused by fraud or defalcation, and 3) the debtor acted as a fiduciary to the creditor at the same time the debt was created.'" *Otto v. Niles (In re Niles)*, 106 F.3d 1456, 1459 (9th Cir. 1997).

      Excerpts from the transcript of Mona Gonzales' deposition submitted to the court show that Mona Gonzales admitted receiving money from the Plaintiff and that Mona Gonzales prepared the $40,000 check for Plaintiff's signature. Mona Gonzales also testified during her deposition that she prepared the December 21, 2004 Document, the "Power of Attorney," for Plaintiff's signature. That Document purported to authorize some actions by Debtors on Plaintiff's behalf in connection with Plaintiff's business, financial, and personal interests. Mona Gonzales testified that the purpose of the December 21, 2004 Document was to allow Debtors to act for Ms. Zimmerman in connection with JTS Trucking.

      Ms. Zimmerman testified during the evidentiary hearing that she talked with the Debtors about restarting the trucking business. Her understanding of the December 21, 2004 Document was that it gave the Debtors authority to conduct that financial business on her behalf. Ms. Zimmerman transferred the funds to Mona Gonzales based on her understanding that the Debtors would do what was necessary to restart the trucking business. The court is persuaded that Ms. Zimmerman did not have the financial sophistication to understand what was required to restart the business. She was highly dependant on her relationship with Mona Gonzales, and she intended to appoint Mona Gonzales as her agent with regard to disposition of the $40,000.

      An action under § 523(a)(4) requires an express or statutory trust agreement between the parties. For example, in *In re Niles*, 106 F.3d 1456, debtor Niles, a real estate agent, managed property owned by Otto. Otto filed an adversary action against Niles in her bankruptcy alleging Niles misappropriated rents collected from Otto's property. The court ruled that Otto had proven that Niles did have a *fiduciary*

*obligation* in connection with the funds she collected and that she was required to deposit those funds in Otto's property management account pursuant to an express or statutory trust under California law. As a result, Niles bore the burden of accounting for those funds with which she had been entrusted. However, in connection with Otto's loan to Niles, the court found that Niles' failure to repay the loan was not a breach of fiduciary duty because those funds were not taken from the property management account and no express or statutory trust was imposed on those funds.

The court is persuaded here that in preparing and executing the December 21, 2004 Document, Mona Gonzales and Ms. Zimmerman did establish a fiduciary relationship wherein Mona Gonzales would act as Ms. Zimmerman's agent with regard to disposition of the transferred funds. The court is persuaded by the evidence submitted before and during the evidentiary hearing that Ms. Zimmerman entrusted $40,000 to Mona Gonzales to be used in connection with the trucking business and that none of the money was used for that purpose. Mona Gonzales' possession of Ms. Zimmerman's funds was by way of an express trust created by the December 21, 2004 Document, and the subsequent misappropriation of those funds to Mona Gonzales' use was a breach of that fiduciary duty.

No evidence was submitted that Tom Gonzales made any representations to Ms. Zimmerman nor that he was entrusted with any funds or property which belonged to Ms. Zimmerman. Therefore, the "breach of fiduciary duty" claim has not been established against Tom Gonzales.

2.  **§ 523(a)(2)(A): Actual Fraud**

The elements that must be proven to support a claim for relief under § 523(a)(2)(A) in this case are: 1) Debtors made a representation of intent to repay a loan; 2) that at the time the representation was made Debtors knew that it was false; 3) the representation was made with the intention and purpose of deceiving the Plaintiff; 4) the Plaintiff relied upon the representation; and 5) sustained loss and

damage because of false representation. To prevail on her claim under § 523(a)(2)(A), Ms. Zimmerman must show, *inter alia*, that the Debtors borrowed money and property from her without any present intent to repay or return it.

Ms. Zimmerman contends that the Debtors owe her $60,000 for the monies which she gave them in late 2004, including the $40,000 discussed above, and some artwork alleged to be worth $25,000. Plaintiff's Exhibit "1" is a copy of the $40,000 check given to Mona Gonzales in conjunction with the December 31, 2004 Document. Ms. Zimmerman pleads in her Complaint that an additional $20,000 was transferred to the Debtors by subsequent wire transfer, but very little evidence of those wire transfers was introduced at the evidentiary hearing. Even that evidence was based on hearsay and unpersuasive. Ms. Zimmerman alleges in paragraph 18 of her Complaint that the money was "loaned" to the Debtors. She also pleads in paragraph 18 that some unspecified amount of the "loan" was repaid before the Debtors filed bankruptcy.

Ms. Zimmerman has not established her claim under § 523(a)(2) for two reasons. First, with regard to the $40,000 check, the court has already found that those monies were entrusted to Mona Gonzales to use for the benefit of Ms. Zimmerman in a fiduciary capacity. The evidence does not establish that the money was loaned for the purpose of repayment. In that regard, Plaintiff's claims under §§ 523(a)(2) and 523(a)(4) are inconsistent and conflicting. With regard to the artwork, and the remaining $20,000 in the 523(a)(2) claim, there was little or no evidence to show how or when that money and the artwork were transferred to either Debtor, how much of the money was repaid as alleged in the Complaint, or what representations were made with regard to those transfers. With regard to the claims against Tom Gonzales, there was no evidence to show that Tom Gonzales made any representations to Ms. Zimmerman with regard to the transfer of any money or artwork. Accordingly, Ms. Zimmerman has not met her burden of proof with regard to the § 523(a)(2)(A) (actual fraud) claim against either Debtor.

### 3.    § 523(a)(4): Embezzlement and Larceny

The remaining claim for relief before the court is under § 523(a)(4) for "embezzlement and larceny." Plaintiff contends that the Debtors embezzled or stole an unspecified amount of artwork stated to be worth $25,000. However, there was no evidence to show that any artwork was taken. Further, there was no evidence to show what artwork is at issue, or how its alleged "value" was established. In addition, Plaintiff's Declaration in Support of Entry of Default contains no prayer for relief pertaining to the alleged missing artwork. It appears to the court that this issue was abandoned by the time of the evidentiary hearing.

### Conclusion.

Based on the foregoing, the Plaintiff has not sustained her burden to establish a *prima facie* case against either Debtor, in connection with the alleged missing artwork. Neither has Plaintiff established that either Debtor borrowed any money without the intent to repay it. However, based on the evidence and well-pled facts, the court is persuaded that the Plaintiff transferred $40,000 in trust to Mona Gonzales to be used in some manner for Plaintiff's benefit in connection with the Plaintiff's trucking business. Mona Gonzales owed a fiduciary duty to Ms. Zimmerman with regard to the use of that money for its intended purpose. The court is further persuaded that Mona Gonzales used those monies for some other personal purpose. Therefore, the debt to Ms. Zimmerman of $40,000 will be excepted from Mona Gonzales' discharge pursuant to § 523(a)(4). The complaint against Tom Gonzales will be dismissed.

Dated: November  19 , 2008

_____
W. Richard Lee
United States Bankruptcy Judge